# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DENNIS SAGEZ,, et al., <br>       Plaintiffs, <br> vs. <br> GLOBAL AGRICULTURAL INVESTMENTS, LLC, TYLER BRUCH, BRUCHSIDE, INC., ART A. HALL, ARTAH HOLDINGS, LLC, BOL, LLC, ELIA TASCA, <br>       Defendants. | No. C11-3059-LTS <br><br> **ORDER** |

      Plaintiffs have filed a motion (Doc. No. 156) for entry of default judgment against defendants Global Agricultural Investments, LLC (GAI), and BOL, LLC (BOL). On March 11, 2015, the Clerk entered the default of GAI and BOL. Doc. No. 140. As such, this procedural prerequisite for the entry of a default judgment has been satisfied. *See, e.g., Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

      However, plaintiffs have submitted no evidence concerning the appropriate *amount* of a default judgment. They simply request judgment "for the relief requested in Plaintiffs' Amended and Substituted Complaint and Jury Demand (Doc #119)." Doc. No. 156 at 2. That reference is not helpful, as the amended and substituted complaint does not specify the amount of any alleged damages.[1] *See* Doc. No. 119 at 76-84. Thus, plaintiffs seek entry of a judgment against GAI and BOL but have provided no evidence (nor even a suggestion) as to what the amount of the judgment should be.

---

[1] At the end of each count, plaintiffs simply request entry of judgment against the defendants "in an amount that will fully and fairly compensate Plaintiffs for their damages, including, but not limited to: loss of initial investment, loss of return of past, present, and future investments, costs, attorney fees, and any and other such relief the court may deem equitable." Doc. No. 119 at 76-84.

It is black-letter law that "a party entitled to judgment by default is required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993) (citing Fed. R. Civ. P. 55(b)(2)). This is because the defaulting party is deemed to have admitted all factual allegations of the complaint *except* those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see also Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Thus, upon entry of default a plaintiff must prove the amount of damages to a reasonable degree of certainty in order to obtain a judgment by default. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming district court's decision not to award damages where damages were speculative and not proven by a preponderance of the evidence).

A federal district court has the discretion to determine whether an evidentiary hearing is necessary to determine the amount of damages after entry of default. *Stephenson v. El Batrawi*, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute abuse of discretion when the existing record is insufficient to make necessary findings in support of a default judgment."). Here, the "existing record" concerning the amount of plaintiffs' damages is non-existent. Thus:

1. On or before **June 8, 2015**, plaintiffs shall supplement their motion by filing a brief addressing the amount of damages, along with evidence, including at least one affidavit, establishing the amount of damages that should be assessed against GAI and BOL.

2. Upon review of plaintiffs' brief and supporting evidence, I will determine whether an evidentiary hearing is necessary.

IT IS SO ORDERED.

DATED this 26th day of May, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE